Shandor S. Badaruddin
MORIARITY & BADARUDDIN, PLLC
736 South Third Street West
Missoula, Montana 59801
Telephone:   406-728-6868
Facsimile:   406-728-7722
Email:        shandor@mbblawfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| ROBERT HEINS<br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.,<br>RIMROCK STAGES, INC., and<br>KEVIN BANKS,<br><br>Defendants. | CAUSE NO:<br><br><br><br><br>**COMPLAINT & DEMAND<br>FOR JURY TRIAL** |

## PARTIES

1.     Plaintiff, ROBERT HEINS (hereinafter HEINS) is citizen of

Washington.

2.     Defendant, GREYHOUND LINES, INC. (hereinafter

GREYHOUND) is a Delaware corporation, licensed and conducting

business in Montana.

1

3. Defendant, RIMROCK STAGES, INC. (hereinafter RIMROCK) is a Montana corporation.

4. Defendant KEVIN BANKS (hereinafter BANKS) is a citizen of Montana.

## JURISDICTION

5. This action is for damages which exceed $75,000 exclusive of costs interest and attorney's fees.

6. There is diversity of citizenship between Plaintiff and each Defendant.

7. This Court has jurisdiction of the claims made in this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.

8. Venue is proper in the Missoula Division of the United States District Court for the District of Montana under 28 U.S.C. § 1391(b)(1) and (2), because one or more Defendants reside in Montana, one or more Defendants reside in Missoula County State of Montana, and because the acts and omissions giving rise to the claim made herein occurred in Missoula County, Montana, and within the Missoula Division of the United States District Court for the District of Montana.

## GENERAL ALLEGATIONS

Plaintiff, ROBERT HEINS sues Defendants, GREYHOUND LINES, INC., RIMROCK STAGES, INC. and KEVIN BANKS, and states as follows:

9. On January 6, 2012, HEINS, after attending his mother's funeral in Champaign, Illinois, purchased a ticket for transportation from Champaign, Illinois to his home of Seattle, Washington from Defendant GREYHOUND.

10. On January 8, 2012, as part of his journey, HEINS, found himself on a bus operated by RIMROCK STAGES, INC., which was being driven by KEVIN BANKS. On that day, near the city of Missoula, Montana, BANKS lost control of the bus, causing it to crash.

11. As a direct and proximate cause of the crash, HEINS suffered severe and permanent bodily injuries, which resulted in medical expenses, pain and suffering, disability and inability to work, as well as other damages.

## COUNT I – AGAINST RIMROCK and BANKS
## (NEGLIGENCE)

The above paragraphs are realleged as if fully set forth.

12. BANKS and RIMROCK owed a duty to HEINS to ensure safe passage on the bus in which he was riding as a passenger.

13. BANKS and RIMROCK breached that duty by failing to operate the bus in a safe and prudent manner for the road conditions present and that breach resulted in an accident which caused the injuries set forth in paragraph 11 above.

14. BANKS is liable for the damages HEINS sustained as a result of his negligent conduct and breach of duty to HEINS.

15. BANKS was employed by RIMROCK and was in the course and scope of his employment duties when the accident took place, thereby making RIMROCK vicariously liable for the damaged HEINS sustained.

WHEREFORE, Plaintiff HEINS demands judgment against BANKS and RIMROCK, for all damages resulting from the accident and demands a trial by jury.

## COUNT II – AGAINST GREYHOUND

The above paragraphs are realleged as if fully set forth.

16. GREYHOUND sold HEINS a ticket for value and financial reward to itself, promising safe passage from Champaign, Illinois to Seattle, Washington.

17. HEINS boarded a GREYHOUND bus in Champaign, Illinois and began his journey.  In Fargo, North Dakota, unbeknownst to him, HEINS found himself on a RIMROCK bus, which GREYHOUND used as an

intermediary for the potion of the journey between Fargo and Missoula, Montana.  Thereafter, HEINS was to re-board a GREYHOUND branded bus from Missoula to Seattle.  GREYHOUND failed to adequately advise HEINS that part of his journey would be on a RIMROCK bus, thereby depriving him of making an informed choice.

18. GREYHOUND owed a duty to HEINS to ensure that all legs of the journey from Champaign to Seattle were on a carrier that would provide safe passage for HEINS, and that any carrier that GREYHOUND delegated a portion of their duty to would be one that met safety standards equal to or superior to the standard that GREYHOUND itself represented to its passengers and its targeted customer base.

19. GREYHOUND breached its duty to HEINS by failing to select an intermediary carrier that had sufficient safety standards or qualifications, thereby exposing HEINS to a greater risk of danger, which, in fact, materialized on January 8, 2012.

20. As a direct and proximate cause of GREYHOUND'S negligence in selecting RIMROCK as an intermediary carrier, HEINS sustained serious injuries as outlined in paragraph 11 above.

21. Alternatively, GREYHOUND profited from the portion of the journey from Fargo to Missoula, and by receiving a reward or benefit for that portion

of the journey being handled by RIMROCK, placed itself in a joint venture with RIMROCK and made itself responsible for the safe and prudent operation of that portion of the journey, which resulted in a breach that caused the injuries HEINS sustained.

WHEREFORE, Plaintiff HEINS demands judgment against GREYHOUND, for all damages resulting from the accident and demands a trial by jury.

## COUNT III – AGAINST ALL DEFENDANTS
## (NEGLIGENCE PER SE)

The above paragraphs are realleged as if fully set forth.

22. Mont. Code Ann. § 69-11-107(1) (2011) states as follows: A carrier of persons for reward shall use the utmost care and diligence for their safe carriage, shall provide everything necessary for that purpose, and shall exercise to that end a reasonable degree of care and skill.

23. Each Defendant violated the statute named above as well as other laws, rules, and/or regulations of the State of Montana and the United States of America.

24. The above laws, rules and/or regulations were enacted to protect the class of persons of which HEINS is a member.

25. HEINS' injuries are of the kind that the above laws, rules and/or

regulations were enacted to prevent.

26. The above laws, rules and/or regulations were intended to regulate the class of persons of which Defendants are members.

WHEREFORE, Plaintiff HEINS demands judgment against DEFENDANTS, for all damages resulting from the accident and demands a trial by jury.

## REQUEST FOR PUNITIVE DAMAGES

The above paragraphs are realleged as if fully set forth.

27. Defendants' acts and omissions, as described in this Complaint, were so gross and culpable in nature that such acts and omissions were reckless, willful and wanton, deliberately indifferent to, and in complete disregard for, the life and safety of Plaintiff HEINS.

28. Punitive and exemplary damages are warranted in this action as a punishment of the DEFENDANTS for their reckless and wanton acts, and as a deterrent to the DEFENDANTS and others for committing the same or similar actions that endanger the general safety of the public.

29. DEFENDANTS acted with malice. DEFENDANTS had knowledge of facts, or intentionally avoided learning knowledge of facts, or intentionally disregarded facts that created a high probability of injury to the plaintiff. DEFENDANTS deliberately proceeded to act in conscious or

intentional disregard of, or indifference to, the risk of harm to the Plaintiff HEINS.

30. DEFENDANTS had actual or constructive knowledge of the dangerous conditions existing, and the DEFENDANTS failed to utilize due care in light of that danger.

31. As a direct and proximate cause and result of the acts and omissions of DEFENDANTS as alleged herein including, but not limited to, DEFENDANTS' negligence, gross negligence, reckless, willful and wanton conduct, Plaintiff is entitled to recover actual, exemplary and punitive damages as more specifically set forth below.

WHEREFORE, HEINS demands judgment against all DEFENDANTS for all damages allowed by law, including punitive damages, and demands a trial by jury.

Dated this 7th day of January 2014.

/s/ Shandor S. Badaruddin
Shandor S. Badaruddin
MORIARITY & BADARUDDIN, PLLC
736 South Third Street West
Missoula, Montana 59801
Telephone:   406-728-6868
Facsimile:   406-728-7722

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, and L.R. 38.1, the Plaintiff HEINS demands that a jury try all of the above issues and allegations.

Dated this 7th day of January 2014.

/s/ Shandor S. Badaruddin
Shandor S. Badaruddin
MORIARITY & BADARUDDIN, PLLC
736 South Third Street West
Missoula, Montana 59801
Telephone:   406-728-6868
Facsimile:    406-728-7722